UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLTON SALVATIERRA TIAMSON,<br><br>    Plaintiff,<br>  v.<br><br>EQUIFAX, INC.,<br><br>    Defendant. | **ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITH PREJUDICE**<br><br>Case No. 19-CV-08430-LHK<br><br>Dkt. No. 37 |
| THIEN HUONG DAO NGUYEN,<br><br>    Plaintiff,<br>  v.<br><br>EQUIFAX, INC.,<br><br>    Defendant. | Case No. 20-CV-00795-LHK<br><br>Dkt. No. 20 |

On December 27, 2019, Plaintiff Carlton Salvatierra Tiamson ("Tiamson"), proceeding pro se, filed a complaint against Defendant Equifax, Inc. ("Equifax") regarding a data breach announced by Equifax in September 2017. Case No. 19-CV-08430-LHK ("*Tiamson*"), ECF No.

1

Case No. 19-CV-08430-LHK
ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITH PREJUDICE

1.[1] Tiamson filed an amended complaint on January 17, 2020.  ECF No. 9 ("Am. Compl."). Equifax moved to dismiss Tiamson's amended complaint on February 19, 2020.  ECF No. 15 ("MTD").  Tiamson filed an opposition on March 4, 2020.  ECF No. 21 ("Opp'n").  Equifax filed a reply on March 11, 2020.  ECF No. 22 ("Reply").

On February 3, 2020, Plaintiff Thien Huong Dao Nguyen ("Nguyen"), proceeding pro se, filed a complaint against Equifax regarding Equifax's September 2017 data breach.  Case No. 20-CV-00795-LHK ("*Nguyen*"), ECF No. 1.  Equifax moved to dismiss Nguyen's complaint on February 28, 2020.  *Nguyen*, ECF No. 9.  Nguyen filed an opposition on March 12, 2020.  *Nguyen*, ECF No. 15.  Equifax filed a reply on March 19, 2020.  *Nguyen*, ECF No. 16.

On March 23, 2020, the Court consolidated the two cases.  ECF No. 26.  Before the Court are Equifax's motions to dismiss Tiamson's amended complaint and Nguyen's complaint. Because both Plaintiffs' complaints are substantively identical, the Court addresses Equifax's motions to dismiss together.  Having considered the submissions of the parties, the relevant law, and the record in both cases, the Court GRANTS Equifax's motions to dismiss with prejudice.

## I. FACTUAL BACKGROUND

### A. *Tiamson* Lawsuit

Plaintiff Carlton Salvatierra Tiamson is a citizen of California and resides in San Jose, California.  *See* Am. Compl. at 1.  Equifax is a Georgia corporation headquartered in Atlanta, Georgia.  *See* ECF No. 15 at 1.

On November 2, 2019, Tiamson sent by certified mail a letter to Equifax that alleged that Tiamson was "personally, financially, socially, and economically injured" as a "victim of the fraudulent data breach" that occurred at Equifax and was reported in September, 2017."  Am. Compl., Ex. 1 ("Tiamson Letter") at 1.  In this letter, Tiamson asked Equifax to provide: "proofs of claim" on, *inter alia*, the following issues:  (1) that, in September 2017, Equifax did not report

---

[1] Because the facts and pleadings in both *Tiamson* and *Nguyen* are nearly identical, the Court's discussion will focus on the lead case, *Tiamson*, unless otherwise noted.  Similarly, all citations to the docket will refer to the *Tiamson* docket, Case No. 19-CV-08430-LHK, unless otherwise noted.

2
Case No. 19-CV-08430-LHK
ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITH PREJUDICE

the data breach; (2) that Equifax did not know of the data breach for six months before announcing it; (3) that Equifax did not intentionally try to cover up the data breach; (4) that Equifax protected Tiamson's personal data and did not allow it to be stolen; and (5) that Equifax is not liable for Tiamson's damages. *See id.* at 1–2. Tiamson requested that Equifax respond within ten days. *Id.* at 2. Tiamson concluded his letter by stating that a "non-response" or a "failure to provide Proof of Claim" constitutes a legal agreement that equates to "commercial acquiescence to the terms outlined by the undersigned in a final Affidavit and Notice of Default." *Id.* Equifax did not respond to Tiamson's letter. ECF No. 15 at 5.

On November 18, 2019, Tiamson mailed a "Notice of Fault and Opportunity to Cure and Contest Acceptance," which informed Equifax that Equifax was "in fault" and had thus "stipulated to the terms of the undersigned's dated presentment through [its] dishonor." Am. Compl., Ex. 1 at 9.

On December 2, 2019, Tiamson then mailed an "Affidavit and Notice of Default" to Equifax, which informed Equifax once more that Equifax had "willingly, knowingly, intentionally, or voluntarily agreed and acquiesced through its non-response" to the allegations included in Tiamson's original letter and reiterated in this "Affidavit and Notice of Default." *Id.* at 16–17.

On December 27, 2019, Tiamson filed a complaint in federal court. ECF No. 1. In his complaint, Tiamson alleges that Equifax "willingly, knowingly, intentionally, or voluntarily agreed and acquiesced through its non-response to the facts stated in the Conditional Acceptance/Affidavits sent" and is thus "in default under contract." *Id.* at 4.

**B.** ***Nguyen* Lawsuit**

Plaintiff Thien Huong Dao Nguyen ("Nguyen") is a citizen of California and resides in San Jose, California. *Nguyen*, ECF No. 1. On December 3, 2019, Nguyen sent by certified mail a letter to Equifax that was nearly identical to Tiamson's November 2, 2019 letter to Equifax. *Nguyen*, ECF No. 1, Ex. 1 ("Nguyen Letter") at 1. The only difference between the letters is that

3
Case No. 19-CV-08430-LHK
ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITH PREJUDICE

1    Tiamson claims damages of $10,000,000, whereas Nguyen claims damages of $75,000,000.

2    *Compare* Tiamson Letter at 2, *with* Nguyen Letter at 2.  Equifax did not respond to Nguyen's

3    letter.  *Nguyen*, ECF No. 9 at 5.

4          On January 4, 2020, Nguyen mailed a "Notice of Fault and Opportunity to Cure and

5    Contest Acceptance," which informed Equifax that Equifax was "in fault" and had thus "stipulated

6    to the terms of the undersigned's dated presentment through [its] dishonor."  ECF No. 1, Ex. 2 at

7    1.

8          On January 20, 2020, Nguyen then mailed an "Affidavit and Notice of Default" to Equifax,

9    which informed Equifax once more that Equifax had "willingly, knowingly, intentionally, or

10   voluntarily agreed and acquiesced through its non-response" to the allegations included in

11   Nguyen's original letter and reiterated in this "Affidavit and Notice of Default."  ECF No. 1, Ex. 3

12   at 1–2.

13         On February 3, 2020, Nguyen filed a complaint that is nearly identical to Tiamson's

14   amended complaint.  Nguyen, ECF No. 1.  Because of the nearly identical nature of Tiamson's

15   and Nguyen's cases, the Court consolidated these cases on March 23, 2020.  *See* ECF No. 26.

16   **II.    LEGAL STANDARD**

17       **A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

18         Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short

19   and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that

20   fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

21   Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its

22   face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

23   when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

24   the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

25   For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must

26   construe the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen,* 395 U.S.

411, 421 (1969). Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir.2008).

The Court, however, must not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). A pro se complaint "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.2007) (citations and internal quotations omitted).

**B. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

In a motion challenging personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. *See In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)).

However, this standard "is not toothless," and the party asserting jurisdiction "cannot simply rest on the bare allegations of its complaint." *In re Boon Global Ltd.*, 923 F.3d at 650 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Thus, courts may consider declarations and other evidence outside the pleadings to determine whether it has personal jurisdiction. *See id.* At this stage of the proceeding, "uncontroverted allegations in plaintiff's complaint must be taken as true, and '[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Id.* (quoting *Schwarzenegger*,

374 F.3d at 800).  On the other hand, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).  *Pro se* plaintiffs should be given "an opportunity to amend their complaints to overcome any deficiency unless it clearly appears . . . that the deficiency cannot be overcome by amendment."  *Maurer v. Individually & as Members of Los Angeles County Sheriff's Dept.,* 691 F.2d 434, 437 (9th Cir.1982).  When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1130 (internal quotation marks omitted).

Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

As discussed above, Tiamson's amended complaint and Nguyen's complaint each allege that Equifax is "in default under contract" because Equifax did not respond to either Plaintiff's letter demanding that Equifax provide within ten days "proofs of claim" regarding Equifax's September 2017 data breach.  *Tiamson*, Am. Compl. at 4; *Nguyen*, ECF No. 1 at 4.

Equifax's motions to dismiss raise two independent grounds for dismissal.  Equifax argues that each Plaintiff's claim against Equifax must be dismissed under Rule 12(b)(6) for failure to

state a claim.  MTD at 10–12.  Equifax also argues that each Plaintiff's claim must be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.  MTD at 6–9.

Below, the Court first finds that both Tiamson and Nguyen have failed to state a claim as a matter of law and that dismissal under Rule 12(b)(6) is thus warranted.  However, because the Court also agrees that the Court lacks personal jurisdiction over Equifax, the Court also briefly discusses personal jurisdiction as an alternative ground for dismissal.

### A.  Rule 12(b)(6) Dismissal for Failure to State a Claim

As to each Plaintiff, Equifax argues that Plaintiff fails to state a claim because Plaintiff's "entire action is predicated on the erroneous belief that Plaintiff's mailings created a contract between Plaintiff and Equifax."  MTD at 12.  Equifax argues that Plaintiffs' letters failed to create any contract as a matter of law and that Plaintiffs therefore have not articulated any theory of liability.  *Id.* at 10.  The Court agrees.

As an initial matter, the Court finds that each Plaintiff's claim is in fact premised on the existence of a contract.  Specifically, Plaintiffs allege that Equifax has "willingly, knowingly intentionally, or voluntarily agreed and acquiesced through its non-response to the facts stated in the Conditional Acceptance/Affidavits [(letter)] sent, and is therefore in default under contract."  Compl. at 4.  Plaintiffs further allege that they have "exhausted [their] private Administrative remedy/procedure . . . [as] Defendant [was] afforded commercial grace and an opportunity to provide [the] requested proofs of claims and failed to provide proofs of claim as enumerated in the Conditional Acceptance [(letter)] sent to Defendant via certified mail."  *Id.*  In his opposition, Tiamson again repeats that the "Complaint is based upon the solid theory that Equifax's failure to respond to pre-litigation 'Notices' Plaintiff mailed to Equifax created a Lawfully Binding Contract that entitles Plaintiff to contractual damages."  Opp'n at 2.  As each Plaintiff's operative complaint and clarifications in opposition to the instant motions to dismiss make clear, Plaintiffs' theory of liability is indisputably based on the alleged existence of a contract that formed when Equifax failed to respond to Plaintiffs' letters.

Under California law, silence in the face of an offer to contract is generally insufficient to form a contract. Specifically, California Civil Code section 1550 provides that consent is an "essential element of the existence of a contract." Cal. Civ. Code § 1550. California Civil Code section 1565 further specifies that "consent of the parties must be . . . communicated by each to the other." *Id.* § 1565. Thus, courts interpreting these provisions have held that "[a]n essential element of any contract is the consent of the parties, or mutual assent. Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." *Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civil Code §§ 1550, 1565). Furthermore, "contract formation is governed by objective manifestations, not [the] subjective intent of any individual involved." *See, e.g., id.* (finding that no contractual relationship existed between parties because a "reasonable person . . . would not have understood any relationship, contractual or otherwise, was formed" between the plaintiff and the defendant); *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998) ("The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe.") (quoting *Meyer v. Benko*, 55 Cal. App. 3d 937, 942–43 (1976)). Similarly, in an unpublished opinion, the California Court of Appeal relied on California Civil Code sections 1550 and 1565 to hold that the defendants' failure to respond to the plaintiff's letter demanding that the defendants pay the plaintiff $3,400,238 did not result in the formation of a contract on the grounds that silence may not operate as acceptance to contract. *See Nguyen v. Aronovsky*, No. A099696, 2003 WL 21206171, at *2 (Cal. Ct. App. May 23, 2003) ("In the absence of a duty to act, the [defendants'] silence was neither an acceptance nor, as [the plaintiff] puts it, a 'default.'").

Courts have consistently applied this rule to find that no contract was formed as a matter of law because "[s]ilence is not acceptance absent a prior course of conduct that requires a party to act or be bound." *Dozier v. Maispace*, No. C-05-1761 PVT, 2007 WL 518622, at *8 (N.D. Cal. Feb. 13, 2007) (citing *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002)). "As

a general rule, silence or inaction does not constitute acceptance of an offer." *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal. App. 4th 1372, 1385 (1993). Thus, as the Ninth Circuit has explained, "California courts have long held that '[a]n offer made to another, either orally or in writing, cannot be turned into an agreement because the person to whom it is made or sent makes no reply, even though the offer states that silence will be taken as consent, for the offeror cannot prescribe conditions of rejection so as to turn silence on the part of the offeree into acceptance.'" *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017) (citing *Leslie v. Brown Bros. Inc.*, 208 Cal. 606, 621 (1929)).

Here, under the facts alleged, no contract was formed between Plaintiffs and Equifax. As discussed above, Plaintiffs' theory of liability is entirely premised on the formation of a contract in light of Equifax's failure to respond to Plaintiffs' letters. Compl. at 4. Specifically, Plaintiffs' letters stated that Equifax is "in default under contract" for failing to respond and to provide "proofs of claim" as Plaintiffs requested in their letters. *Id.* Plaintiffs do not allege, and the Court does not find, any other duty that would require Equifax to dispute the letters sent by Plaintiffs.[2] Accordingly, as a matter of law, such silence could not give rise to a contract.[3] *See, e.g.*, *Dozier*, 2007 WL 518622, at *8 (finding that no contract was formed because defendant's silence does not constitute acceptance).

In sum, the Court finds that Plaintiffs' operative complaints against Equifax fail to state

---

[2] Although there are narrow exceptions to the rule that silence is insufficient to establish contractual consent, neither party argues that those exceptions apply here, and the Court otherwise finds that they are inapplicable. *See Norcia*, 845 F.3d at 1284–85 (discussing two exceptions where (1) "the offeree has a duty to respond to an offer and fails to act in the face of this duty," and (2) "when the party retains the benefit).

[3] Multiple other district courts have found that complaints against Equifax based on identical letters, which appear to be based on a template, fail to state any plausible claim. *See, e.g.*, *Williams v. Equifax, Inc.*, No. 1:19-CV-622, 2019 WL 3556920, at *3 (S.D. Ohio. Aug. 5, 2019) (dismissing *sua sponte* for lack of subject matter jurisdiction, but noting that "Plaintiff's complaint . . . also could be dismissed for failure to state any plausible claim"); *Silva-Borero v. Equifax, Inc.*, No. CV 19-00265 JMS-RT, 2019 WL 3416656, at *3 (D. Haw. July 29, 2019) ("The documents Plaintiff sent to Equifax do not constitute binding contracts because there is no indication that Equifax agreed to Plaintiff's terms.").

9
Case No. 19-CV-08430-LHK
ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITH PREJUDICE

1  any claim for relief as a matter of law. Additionally, the Court finds that amendment of Plaintiffs'
2  claim would be futile because Plaintiffs' only theory of liability, based upon the formation of
3  contract through silence, fails as a matter of law. *See Leadsinger, Inc.*, 512 F.3d at 532.
4  Accordingly, the Court GRANTS with prejudice Defendant's motions to dismiss Plaintiffs'
5  complaints for failure to state a claim.

### B. Rule 12(b)(2) Dismissal for Lack of Personal Jurisdiction

Although the Court has found above that each Plaintiff's claim against Equifax should be dismissed for failure to state a claim, the Court also agrees with Equifax that dismissal of each case is warranted under Rule 12(b)(2) for lack of personal jurisdiction.

"There are two categories of personal jurisdiction: (1) general jurisdiction and (2) specific jurisdiction." *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). When a court has general jurisdiction over a defendant, a plaintiff can bring *any* claim against the defendant in the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a court to establish general jurisdiction, a defendant's contacts with the forum state must be "so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Specific jurisdiction, on the other hand, permits a plaintiff to bring a claim against a defendant in the forum state only when the suit "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Id.* at 127 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). To determine specific jurisdiction, the court uses either a "purposeful direction" analysis for tort-based claims or a "purposeful availment" analysis for contract-based claims. *See In re Boon Glob., Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) ("'The exact form of our jurisdictional inquiry depends on the nature of the claim at issue.' For claims sounding in contract, a purposeful availment test is used; for claims sounding in tort a purposeful direction test is used.") (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Both tests, however, require that the alleged claims arise out of contacts with the forum state.

Here, the Court agrees with Equifax that Plaintiffs have failed to establish the Court's personal jurisdiction under either general or specific theories of personal jurisdiction. In so finding, the Court finds persuasive the decision of United States District Judge Edward M. Chen in *Caces-Tiamson v. Equifax*, which was a nearly identical case filed in the Northern District of California. *See Caces-Tiamson v. Equifax*, No. 20-CV-00387-EMC (N.D. Cal. filed March 20, 2020).

The court in *Caces-Tiamson* granted a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) based on a complaint identical to Plaintiffs' operative complaints in the instant case. *See Caces-Tiamson v. Equifax*, No. 20-CV-00387-EMC, 2020 WL 1322889 (N.D. Cal. Mar. 20, 2020). The court held that the plaintiff failed to establish that personal jurisdiction over Equifax in California would be appropriate under either a theory of general personal jurisdiction or a theory of specific personal jurisdiction. *Id.* at *3–4. In so finding, the court did not grant Plaintiff leave to amend but instead entered judgment on the same day. *See id.*

Specifically, regarding general jurisdiction, the *Caces-Tiamson* court explained that "Equifax is a Georgia corporation; it also has its principal place of business there. There is nothing to indicate that Equifax has affiliations with California that are so continuous and systematic as to render it essentially at home in California." *Id.* at *3 (citation omitted).

Similarly, regarding specific jurisdiction, the *Caces-Tiamson* court found that the plaintiff did not adequately allege a connection between Equifax and the state of California to establish specific jurisdiction under either a tort-based purposeful direction analysis or a contract-based purposeful availment analysis. *Id.* at *3–4. The court found that plaintiff Caces-Tiamson "has not shown that data breach or the failure to prevent the data breach is tied to" California. *Id.* at *4. Furthermore, the court found that there was "nothing to indicate that Equifax's failure to respond to [the plaintiff's] notice occurred in California, rather than in Georgia" where the plaintiff's letter was mailed. *Id.* Because the *Caces-Tiamson* court concluded that neither general nor specific

personal jurisdiction existed in the instant case, the court dismissed the case without leave to amend. *Id.*

The Court finds that, in light of the nearly identical complaints and arguments made by the parties, the *Caces-Tiamson* court's reasoning applies with equal force in the instant case. Therefore, the Court agrees with Equifax that lack of personal jurisdiction presents an alternative basis for dismissal of the instant cases, pursuant to Federal Rule of Civil Procedure 12(b)(2). Moreover, this alternative ground further confirms that any amendment of the complaint would be futile.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Equifax's motion to dismiss the Plaintiffs' complaints with prejudice.

**IT IS SO ORDERED.**

Dated: July 14, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge